UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **SHELIA A. GULLEY,** | ) |
| | ) |
|    **Claimant,** | ) |
| | ) |
| vs. | )   **Case No. 5:11-cv-3059-CLS** |
| | ) |
| **MICHAEL J. ASTRUE,** Commissioner, Social Security Administration, | ) ) ) |
| | ) |
|    **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Claimant Shelia Gulley commenced this action on August 19, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

The ALJ found that claimant had the following severe impairments: degenerative disc disease of the lumbar spine, blindness in the left eye; history of carpal tunnel release; history of cervical surgery; and urinary incontinence.[1] The ALJ nonetheless concluded that claimant retained the residual functional capacity to perform light work,

> except she would be limited to occasionally lifting 5-8 pounds with her right hand, 8-10 pounds with her left hand, and 15-20 pounds with both hands.  She would be limited to sitting for 30 minutes at a time, standing for 10-15 minutes at a time, and walking for 100 feet at a time. Additionally, she would need a sit/stand option throughout an 8-hour work day, *and should avoid* bending, twisting, and stooping.[2]

The parties disagree about what the ALJ intended by cautioning claimant to "*avoid* bending, twisting, and stooping."  According to claimant, the ALJ intended to prohibit *all* bending, twisting, and stooping.  According to the Commissioner, the ALJ meant that claimant should "refrain from" bending, twisting, and stooping, *not* that she should avoid those postural movements altogether.  The difference is significant because, if claimant was precluded from *all* bending, twisting, and stooping, that would be inconsistent with the ALJ's determination that she could

---

[1] Tr. 19.
[2] Tr. 21 (emphasis supplied).

2

perform a limited range of light work.

SSR 96-9p states, in pertinent part, that

> [a]n ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations. *A complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply*, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work. Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping. [emphasis supplied].

Accordingly, if claimant were completely unable to bend, twist, or stoop, she likely would be unable to perform even sedentary work. If she is unable to perform sedentary work, there is no reason to expect her to be able to perform light work, which requires even greater levels of exertion. It simply is not possible to discern the meaning of the ALJ's statements based on the current record. Therefore, remand is warranted for clarification of the ALJ's limitations on claimant's postural limitations and the effect of those limitations on claimant's ability to do light or sedentary work.

Based on the foregoing, the decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 8th day of May, 2012.

_____
United States District Judge